UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

U.S. BANK, NATIONAL ASSOCIATION, as trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007-CB3,

  Plaintiff,

  v.

LELA CROSS, et al.,

  Defendants.

CASE NO. C10-5539BHS

ORDER DENYING DEFENDANTS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

This matter comes before the Court on Defendants Lela Cross and Kristi Duke's[1] motion for a temporary restraining order. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

Rule 65(b) of the Federal Rules of Civil Procedure governs temporary restraining orders. The rule also requires the moving party to submit "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

Here, the Court finds that Defendants, in their notice of removal of the state court unlawful detainer action, have failed to show how this Court has proper jurisdiction over

---

[1] Although Lela Cross and Kristi Duke list themselves as the plaintiffs in this action, when a state court action is removed to this Court, the designation of the parties remains unchanged. *See generally* 28 U.S.C. § 1446. Therefore, the Court will refer to Lela Cross and Kristi Duke as Defendants and to U.S. Bank, National Association as Plaintiff.

ORDER - 1

this action. Although Defendants apparently attempt to invoke both the Court's original and diversity jurisdiction, the facts pled by Defendants fail to support these jurisdictional allegations. Defendants cite to Plaintiff's violation of 18 U.S.C. §1962(b), a criminal statute, in support of their claim that the Court has original subject matter jurisdiction. Defendants do not have standing to bring an action against Plaintiff for alleged violations of the United States Criminal Code. In addition, Defendants state that the parties are diverse and thus the Court has diversity jurisdiction. However, Defendants name several parties that appear to be residents of the State of Washington, for jurisdictional purposes, as are Defendants themselves. *See* Dkt. 1. Therefore, it appears that the parties lack diversity of citizenship, Defendants have failed to allege an amount in controversy, and therefore, the Court lacks diversity jurisdiction. *See* 28 U.S.C. § 1331. Accordingly, Defendants have failed to submit evidence of an immediate and irreparable injury that would be relieved by a temporary restraining order, as this Court apparently lacks jurisdiction to issue such an order. Moreover, the Court notes that even if the Court's jurisdiction is proper, Defendants have not shown a likelihood of success on the merits or that an irreparable injury will occur absent the Court's issuing of the temporary restraining order. *See* Fed. R. Civ. P. 65(b)(1) (stating the requirements a party must show in order for a court to issue a temporary restraining order).

Therefore, the Court **ORDERS** that Defendants' motion is **DENIED** and Defendants are **ORDERED** to show cause, in the form of a brief to be filed on or before **August 16, 2010**, why this action should not be remanded to state court for lack of jurisdiction.

DATED this 4th day of August, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2